# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0115. DOE v. THE STATE.**

In this case, the appellant appeals from an order denying his petition under OCGA § 35-3-37 (m) to seal his criminal record. OCGA § 5-6-34 (a) (12) provides for direct appeal of "[a]ll judgments or orders entered pursuant to [OCGA §] 35-3-37[.]" The appellee contends that OCGA §§ 5-6-34 (a) (12) and 35-3-37 (m) as applied conflict with Uniform Superior Court Rule 21, which provides a procedure for limiting access to court records that are otherwise public records, and Rule 21.4, which provides that "[a]n order limiting access [to court files] may be reviewed by interlocutory application to the Supreme Court [of Georgia.]" The appellee contends that the General Assembly has violated the constitutional separation of powers doctrine, Ga. Const. of 1983, Art. I, Sec. II, Par. III, by encroaching on the Supreme Court's constitutional authority to adopt court-record-keeping rules, citing Ga. Const. of 1983, Art. VI, Sec. IX, Par. I ("[T]he Supreme Court shall . . . by order adopt and publish uniform court rules and record-keeping rules which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions.").

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016). Because the appellee's brief on appeal draws into question the constitutionality of OCGA §§ 5-634 (a) (12) and 35-3-37 (m), at this juncture it appears that we lack jurisdiction over the subject matter of this appeal.

As the appellant contends, where a litigant fails to raise a constitutional challenge to a statute in the trial court and obtain a distinct ruling on it from that court, the issue generally cannot be considered for the first time on appeal. See *Smith v. Baptiste*, 287 Ga. 23, 30 (3) (694 SE2d 83) (2010); *American Home Svcs. v. A Fast Sign Co.*, 322 Ga. App. 791, 797 (5) (747 SE2d 205) (2013). The Supreme Court, however, "has recognized a limited exception to such general rule in the instance of a challenge to the constitutionality of a statute governing appellate procedure that is necessarily made for the first time on appeal." (Citation omitted.) *In the Interest of A. C.*, 285 Ga. 829, 832 (3) (686 SE2d 635) (2009).

Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court. See OCGA § 5-6-37; Supreme Court Rules 32, 35; Court of Appeals Rule 11(b). See also Ga. Const. 1983, Art. VI, Sec. I, Par. VIII.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/06/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*